



Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

2:02CV 1366 TC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., | Case Nos. SA CV 02-763-GLT (MLGx) |
| Plaintiff, | SA CV 02-764-GLT (MLGx) |
| vs. | ORDER GRANTING DEFENDANT'S |
| CORRELL, INC., | MOTIONS TO TRANSFER VENUE |
| Defendant. | |
| LIFETIME PRODUCTS, INC., | |
| Plaintiff, | |
| vs. | |
| THE HON COMPANY, | |
| Defendant. | |

I hereby attest and certify on 15/13/03
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

LORI ANDERSON

ENTER ON ICMS

DEC - 3 2002

Defendants' Motions for Transfer of Venue are GRANTED.

I. BACKGROUND

Plaintiff Lifetime Products, a Utah corporation with its principal place of business in Utah, holds United States Patents No. 5,536,552 ('552 patent) and No. 6,431,092 ('092 Patent). Both patents relate to technology used in portable folding tables with a blow-molded plastic top. Defendants Correll Inc. and the Hon Company

1  manufacture blow-molded plastic folding tables.

2      Plaintiff brought two separate suits against Defendants Hon and

3  Correll in the District of Utah in December 2001 and January 2002,

4  respectively, alleging Defendants' tables infringed Plaintiff's '552

5  patent.  Also in December 2001 and January 2002, Plaintiff brought

6  suit in this District against several other parties, who were not

7  amenable to jurisdiction in Utah, for infringement of the '552

8  patent.[1/]  In February 2002, Northpole LLC and Northpole Limited filed

9  suit against Plaintiff in the Northern District of California, seeking

10  a declaratory judgment that Northpole products do not infringe

11  Plaintiff's '552 patent.  In May 2002, Plaintiff filed a motion to

12  transfer the Northpole case to the District of Utah.

13      In July 2002, the court in the District of Utah denied

14  Plaintiff's request for a preliminary injunction against Defendants

15  for infringement of the '552 patent.  In August 2002, Plaintiff was

16  issued the '092 patent and filed two separate suits against Defendants

17  Hon and Correll in this District alleging the same products at issue

18  in the Utah suits also infringed Plaintiff's '092 patent.  Also in

19  August 2002, Plaintiff withdrew its motion to transfer the Northpole

20  case from the Northern District of California to the District of Utah,

21  and added a counterclaim for infringement of the '092 patent.  In

22  October 2002, Plaintiff added infringement of the '092 patent as an

23  additional claim in its cases against other parties pending in this

24  Court.

25  _____

26      [1/]The cases filed in the Central District of California,
   Lifetime Products, Inc. v. Alton Industries Inc., et al., SACV-
27  02-350-GLT (ANx), and Lifetime Products Inc. v. Wen's Phoenix
   Corp., et al., SACV-01-1217-GLT (ANx), are both assigned to this
28  Court.

1   Defendants Hon and Correll bring Motions to Transfer Venue to the

2   District of Utah pursuant to 28 U.S.C. §1404(a).

3                            II. <u>DISCUSSION</u>

4       A court may transfer an action to "any other district or division

5   where it might have been brought." 28 U.S.C. § 1404(a).  The

6   transferee federal district court must possess subject matter

7   jurisdiction, personal jurisdiction, and venue must be proper.  <u>See</u>

8   e.g., <u>Hoffman v. Blaski</u>, 363 U.S. 335 (1960).  In addition, the Court

9   must consider three general factors:  (1) convenience of the parties;

10  (2) convenience of the witnesses; and (3) the "interests of justice."

11  <u>See</u> 28 U.S.C. § 1404; <u>A.J. Industries, Inc. v. United States Dist.</u>

12  <u>Ct.</u>, 503 F.2d 384, 387 (9th Cir. 1974).

13      In this case, the interests of justice and judicial economy

14  require transfer of the action.

15      A.   <u>Proper Venue in the District of Utah</u>

16      The District of Utah has subject matter jurisdiction and personal

17  jurisdiction over the parties, and venue is proper since the alleged

18  infringement of the '092 patent arises from the same accused products

19  manufactured by Defendants at issue in the Utah suit.

20      B.   <u>Convenience of Parties</u>

21      Defendants argue the convenience of parties weighs in favor of

22  transfer because the Plaintiff is a Utah citizen, and Defendants are

23  already defending a suit about the same products in the District of

24  Utah.  Defendants contend they will be subject to substantial

25  inconvenience and expense if required to transport and duplicate

26  evidence concerning their accused products.  Plaintiff argues,

27  however, it would be subject to inconvenience if required to litigate

28

1 | the same patent in an additional forum.

2 |     A transfer is not appropriate if the result is merely to shift

3 | the inconvenience from one party to another. <u>Plasco Inc. v. Auten</u>,

4 | 1995 WL 354870 (N.D. Cal. 1995). This factor does not weigh in favor

5 | of transfer.

6 |     C.   <u>Convenience of Witnesses</u>

7 |     The convenience of the witnesses is determined by reference to

8 | their residence in relation to the district in which the action is

9 | pending and the proposed transferee district. <u>See</u> <u>Cochran v. NYP</u>

10 | <u>Holdings, Inc.</u>, 58 F. Supp.2d 1113, 1119 (C.D. Cal. 1998). Where the

11 | transfer is based on the convenience of the witnesses, the party

12 | seeking transfer must designate: (1) the key witnesses to be called;

13 | (2) where the witnesses are located; (3) a general statement of what

14 | their testimony will cover; and (4) why such testimony is relevant or

15 | necessary. <u>See</u> <u>A.J. Indust., Inc.</u>, <u>supra</u>, 503 F.2d at 384. The

16 | materiality of the prospective witnesses' testimony is determinative

17 | of the extent to which their convenience will be weighted.

18 | <u>See</u> <u>Scheidt v. Klein</u>, 956 F.2d 963, 966 (10th Cir. 1992). Little or

19 | no weight is given to the convenience of expert witnesses. <u>Promuto v.</u>

20 | <u>Waste Management, Inc.</u>, 44 F.Supp.2d 628, 639-640 (S.D.N.Y. 1999).

21 |     Defendant Hon identifies Carl Stanford, the inventor of the '092

22 | patent as a witness who lives in Utah and may inconvenienced by a

23 | trial in California, but does not describe the content or relevancy of

24 | his testimony. Defendant Correll does not identify any witnesses who

25 | would be inconvenienced by a trial in California. Defendant Hon also

26 | claims its expert and Plaintiff's expert are both located in or near

27 | Utah, but the convenience of expert witnesses are given little weight.

28 |

1    This factor does not weigh in favor of transfer.

2    D.   Interests of Justice

3    The interests of justice include a balancing of factors such as

4    relative ease and access to proof, availability of compulsory process,

5    and judicial economy.  See Stewart Org., Inc., supra, 487 U.S. at 30.

6    The location of documents and other physical evidence relevant to

7    the dispute is a factor to be considered in the transfer analysis.

8    See Creative Tech. Ltd. v. Axtech Sys. Pte, Ltd., 61 F.3d 696, 703

9    (9th Cir. 1995).  Defendant Correll argues much of the relevant

10   documents and files relating to its products are currently located in

11   Utah.  Plaintiff does not dispute such evidence is located in Utah,

12   but argues the evidence can be easily reproduced in California.  This

13   factor weighs slightly in favor of transfer.

14   The availability of compulsory process to secure the attendance

15   of witnesses is a factor to be considered in the transfer analysis.

16   Reed v. Fine Oil & Chem. Co., 995 F.Supp. 705, 714 (E.D. Tx. 1998).

17   Defendant Hon claims it may not be able to secure Stanford's

18   attendance at trial if the case is heard in this court.  However, if

19   he is unavailable, Defendants can present the deposition testimony of

20   Stanford in lieu of live testimony at trial.  This factor does not

21   weigh in favor of transfer.

22   Judicial economy concerns whether transfer will avoid duplicative

23   litigation, effect judicial economy, and prevent waste of time and

24   money.  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); see Cochran,

25   58 F.Supp.2d at 1119.  Defendants argue litigating the cases in this

26   Court will result in duplication of proof and relitigation on the

27   issues of Defendants' products and Plaintiff's damages, matter with

28

1  which the Utah judge is already familiar.  Defendants also contend

2  transfer is necessary to prevent Plaintiff from receiving duplicative

3  damages awards.

4      The deciding factor in this case is that an action is already

5  pending between these parties on this issue in the District of Utah.

6  The courts' interest is having an entire controversy between parties

7  tried at one time.  It is in the interest of justice to dispose in one

8  litigation of all the rights and obligations existing between the

9  parties.  Rule 18(a), Federal Rules of Civil Procedure; Hargrave v.

10  Oki Nursery, Inc., 646 F.2d 716 (C.A.N.Y, 1980); Rolls-Royce Ltd. v.

11  U.S., 364 F.2d 415 (Ct. Cl., 1966).  Plaintiff could have simply added

12  its '092 patent claim to its existing '552 patent claim in Utah.

13      Plaintiff argues transfer may lead to inconsistent judgments

14  because this Court and the District of Utah may construe the '092

15  patent claims differently, and points to the different results the two

16  Courts have already reached concerning the '552 patent.  The

17  inconsistent judgments Plaintiff claim to weigh against transfer are,

18  in part, problems of its own creation. Plaintiff chose to initiate

19  litigation over the '552 patent in two different forums.  Plaintiff

20  opted to add a '092 claim to the case currently pending in the

21  Northern District of California.  As the result of Plaintiff's choice

22  of forum to date, the '552 patent will be construed by three different

23  judges and the '092 patent will be construed by at least two.

24  However, this is not of unusual concern: it frequently happens that a

25  patent is litigated by several courts throughout the country.

26      This case, between these parties, and on this topic, began in the

27  Utah action.  This case is really a part of that action.  The

28

1  interests of justice and judicial economy require that the entire

2  controversy be tried at one time in the place it began -- Utah.

3                     III.   <u>DISPOSITION</u>

4      On balance, the relevant factors weigh in favor of transfer.

5  Defendants' Motion to Transfer Venue is GRANTED.   This action is

6  ordered transferred to the District of Utah.

7

8

9  DATED: November 27, 2002

10

11                                   GARY L. TAYLOR
                                     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ● ORIGINAL ●

1   STERLING A. BRENNAN (CA State Bar No. 126019)
    ADINA L. WITZLING (CA State Bar No. 211719)
2   MORRISON & FOERSTER LLP
    19900 MacArthur Boulevard
3   Twelfth Floor
    Irvine, California 92612-2445
4   Telephone:  (949) 251-7500
    Facsimile:  (949) 251-0900
5
    LARRY R. LAYCOCK (Pro Hac Vice Application Pending)
6   DAVID R. WRIGHT (Pro Hac Vice Application Pending)
    L. REX SEARS (Pro Hac Vice Application Pending)
7   WORKMAN, NYDEGGER & SEELEY
    60 East South Temple, Suite 1000
8   Salt Lake City, UT 84111
    Telephone:  (801) 533-9800
9   Facsimile:  (801) 328-1707

10  Attorneys for Plaintiff
    LIFETIME PRODUCTS, INC., A Utah
11  Corporation

12
13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   SOUTHERN DIVISION

16  LIFETIME PRODUCTS, INC., a Utah          Case No. SA02-763 DOC(MLGx)
    corporation,
17
                   Plaintiff,                 **COMPLAINT FOR:**
18
        v.                                    **(1)  PATENT INFRINGEMENT;
19                                                  AND**
    CORRELL, INC., a Missouri corporation,    **(2)  INDUCEMENT OF PATENT
20                                                  INFRINGEMENT**
                   Defendant.
21                                            **DEMAND FOR JURY TRIAL**
22
23
            Plaintiff LIFETIME PRODUCTS, INC. ("Lifetime") hereby complains and
24
    alleges against the defendant, Correll, Inc. ("Correll") as follows:
25
26                          ENTER ON ICMS
27                            AUG 16 2002
28

COMPLAINT FOR PATENT
INFRINGEMENT, ETC.

oc-238655

# I.   **THE PARTIES**

1.      Lifetime is a corporation duly organized and existing under the laws of the State of Utah, with its principal place of business in the City of Clearfield, Davis County, Utah.

2.      Lifetime alleges on information and belief that Correll, Inc. is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 300 Hancock Street, Charleston, Arkansas, 72933.

3.      This is an action for patent infringement.  The products accused of infringement are folding blow-molded plastic utility tables of a style and design which, Lifetime alleges on information and belief, Correll makes, sells and/or offers for sale within the United States ("the infringing tables").

# II.   **JURISDICTION AND VENUE**

4.      This is a civil action for patent infringement committed by Correll, arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

5.      This Court has original subject matter jurisdiction over Lifetime's claims for relief, which arise under the laws of the United States, pursuant to 28 U.S.C. §1331 (federal question).

6.      This Court also has original subject matter jurisdiction over Lifetime's claims for relief, which arise under acts of Congress relating to patents, pursuant to 28 U.S.C. §1338(a).

7.      Lifetime further alleges on information and belief that Correll has transacted business within the State of California and within the Central District of California out of which Lifetime's claims in part arise.

8.      This Court's exercise of personal jurisdiction over Correll is consistent with the Constitutions of the United States and the State of California.  Moreover, this

2

COMPLAINT FOR PATENT
INFRINGEMENT, ETC.

oc-238655

1   Court has personal jurisdiction over Correll pursuant to California Code of Civil

2   Procedure § 410.10.

3        9.     Pursuant to 28 U.S.C. § 1391(c), Correll is deemed to reside in this

4   judicial district for purposes of venue.

5        10.     Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §

6   1391(b)(1), 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1400(b).

7   

**III.   FACTUAL BACKGROUND**

8        11.     Lifetime is an award-winning innovator in the field of sports equipment,

9   and consumer and office products, which are constructed of high quality steel and

10  blow-molded plastic.

11       12.     Several of Lifetime's most successful innovations have been in the

12  design and development of lightweight and highly durable folding tables that combine

13  metal frames and blow-molded plastic tops.

14       13.     Lifetime's folding tables are protected, inter alia, by a portfolio of

15  patents, including United States Patent No. 6,431,092 (the "'092 Patent"), reproduced

16  as Exhibit A attached hereto and incorporated herein by this reference.

17       14.     Lifetime is the owner by assignment of the '092 Patent.

18       15.     Lifetime has not licensed Correll to practice the '092 Patent, and Correll

19  does not have any right or authority to license others to practice the '092 Patent.

20  

**IV.   CLAIMS FOR RELIEF**

21  

**FIRST CLAIM FOR RELIEF**

22  

**(Infringement of the '092 Patent)**

23       16.     By this reference Lifetime realleges and incorporates the foregoing

24  paragraphs 1 through 15, as though fully set forth herein.

25       17.     Lifetime alleges on information and belief that Correll is making, selling

26  and/or offering for sale within the United States folding plastic tables that fall within

27  the scope of one or more of the claims of the '092 Patent.

28

3

**COMPLAINT FOR PATENT
INFRINGEMENT, ETC.**

18.    Lifetime alleges on information and belief that, by at least the activities alleged in the foregoing paragraph, Correll has infringed, continues to infringe, and, unless and until enjoined by this Court, will continue to infringe the '092 Patent.

19.    The conduct of Correll as set forth hereinabove gives rise to a cause of action for infringement of the '092 Patent, pursuant to 35 U.S.C. §§ 271(a) and 281.

20.    Lifetime alleges on information and belief that Correll is infringing the '092 Patent in willful and deliberate disregard of Lifetime's rights.

21.    By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against Correll, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

## SECOND CLAIM FOR RELIEF
### (Inducement of Infringement of the '092 Patent)

22.    By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 21, as though fully set forth herein.

23.    Lifetime alleges on information and belief that Correll is actively inducing others to use, sell, and/or offer for sale, within the United States, without authority or license to do so from Lifetime, folding plastic tables that fall within the scope of one or more of the claims of the '092 Patent.

24.    The conduct of Correll as set forth hereinabove gives rise to a claim for relief for inducement of infringement of the '092 Patent, pursuant to 35 U.S.C. § 271(b).

25.    Lifetime alleges on information and belief that Correll is inducing infringement of the '092 Patent in willful and deliberate disregard of Lifetime's rights.

26.    By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against Correll, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

4

COMPLAINT FOR PATENT
INFRINGEMENT, ETC.

oc-238655

1

## V.    **PRAYER FOR RELIEF**

2      WHEREFORE, Lifetime prays for judgment against Correll as follows:

3      A.    An Order of this Court temporarily, preliminarily, and permanently

4 enjoining Correll, its agents and servants, and any and all parties acting in concert with

5 any of them, from directly or indirectly infringing in any manner the '092 Patent,

6 whether by making, using, selling, offering to sell, or importing into the United States

7 any table or other product falling within the scope of any of the claims of the '092

8 Patent, or inducing others to engage in any of the aforementioned acts or otherwise,

9 pursuant to at least 35 U.S.C. § 283;

10      B.    An order of this Court directing Correll to destroy its entire stock of

11 infringing products within the United States, pursuant to at least 35 U.S.C. § 283;

12      C.    An award of damages to Lifetime, in an amount to be proven at trial,

13 pursuant to at least 35 U.S.C. § 284;

14      D.    An award of treble damages to Lifetime, pursuant to at least 35 U.S.C.

15 §285

16      E.    Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

17      F.    An award of Lifetime's costs in bringing this action, pursuant to at least

18 35 U.S.C. § 284;

19      G.    An award of Lifetime's attorneys' fees and expenses, pursuant to at least

20 35 U.S.C. § 285;

21      H.    Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

22      I.    For such other and further relief as the Court deems just, proper, and

23 equitable.

24

25

26

27

28

5

1

## DEMAND FOR JURY

2

Plaintiff demands TRIAL BY JURY of all causes so triable.

3

4

Dated:  August 13, 2002

5

STERLING A. BRENNAN
ADINA L. WITZLING
MORRISON & FOERSTER LLP

6

7

LARRY R. LAYCOCK
DAVID R. WRIGHT
L. REX SEARS
WORKMAN, NYDEGGER & SEELEY

8

9

10

By _Sterling A Brennan by ALW_

11

Sterling A. Brennan
Attorneys for Plaintiff
LIFETIME PRODUCTS, INC., A Utah
Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

oc-238655

Exhibits/
Attachments
to this document
have **not** been
scanned.

Please see the
case file.